**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF NEW YORK**

JOYCE DE LA ROSA,

        Plaintiff,

v.

650 SIXTH AVENUE TREVI LLC AND THE
MEN'S WEARHOUSE, INC.,

        Defendants.

Case No. 1:13-cv-07997

Judge Valerie Caproni

**DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE 2001 DESIGNS
OF "THE CHILDREN'S PLACE"**

      Defendants move in limine to exclude introduction at trial of the 2001 designs for the Children's Place store previously located at 650 Sixth Avenue, New York, NY. The Children's Place was not built as allegedly designed in these plans, so the designs do not reflect the store as built and are thus irrelevant. Further, these designs cannot be authenticated by any individual on Plaintiff's witness list and are not self-authenticating.

**I.      BACKGROUND**

      The Men's Wearhouse ("TMW") location at 650 Sixth Avenue is part of the historic Cammeyer building, and is subject to the jurisdiction of the New York City Landmarks Preservation Commission, the New York City Department of Buildings, and the New York City Department of Transportation. The space at issue originally had two entrances, one which included a step, and one which included a severely sloped ramp which did not comply with the requirements of the Americans with Disabilities Act (the "ADA") and corresponding state and local laws. Prior to taking over the space at issue, TMW prepared designs that called for construction of an ADA-compliant ramp within the envelope of the store (i.e., not extending onto the sidewalk) at the entrance where the step was located (on the right side if you are facing the

store). The designs also called for elimination of the entrance on the left, which included the inaccessible ramp. During construction, TMW discovered that an interior ramp was not feasible due to the presence of a previously undiscovered structural steel beam blocking construction of the ramp. Because the steel beam could not reasonably be removed, TMW explored the possibility of an exterior ADA-compliant ramp, but was advised by the Landmarks Preservation Commission that such a ramp would not be approved because it would extend onto the sidewalk. Given that TMW could not build an interior or an exterior ramp along the storefront, and the existing ramp on the left side was not ADA-compliant,[1] TMW provided an accessible portable ramp at the right entrance, which provided accessibility to the maximum extent feasible under the circumstances.

During this litigation, Plaintiff produced 2001 designs for the Children's Place store, which previously occupied part of the space now occupied by the TMW store at issue in this case. Exhibit A, 2001 Children's Place Plans. Though bearing the seal and signature of the architect and indecipherable perforation indicating that they were likely submitted to some government agency, these designs do not appear to bear the seal, signature, or certification of any entity contemplated by Federal Rule of Evidence 902. Plaintiff has produced no other evidence or testimony regarding these designs or the construction of the Children's Place.

Based on questioning at recent depositions, it appears Plaintiff plans to argue that the Children's Place designs included plans for an ADA accessible ramp at the location.[2] *See* Ex. A

---

[1] The 1991 ADA Standards for Accessible Design require a slope of 1:12 or less. § 4.8.2. A slope between 1:10 and 1:12 is allowed for a maximum rise of 6 inches if a slope of 1:12 is not possible, § 4.1.6(3)(a)(i), a slope between 1:8 and 1:10 is allowed for a maximum rise of 3 inches, and a slope steeper than 1:8 is never allowed, § 4.1.6(3)(a)(ii). The Children's Place ramp involved an 8 inch rise and a 31.5 inch run. Exhibit B, 2009 The Men's Wearhouse Plans, TMW 562, A 310.01, Detail 7. This is a slope of approximately 1:4. Given that the rise at issue is 8 inches, the slope must be no greater than 1:12, and the 1:4 ramp was thus approximately three times too steep.

[2] The transcript of Joe Avallone's deposition is not yet available to the parties. Defendants plan to supplement this motion to include citations to the relevant portions of Mr. Avallone's deposition as soon as the transcript becomes available.

p.8, A 3.3, detail 4.  Though difficult to read, the design appears to call for a ramp with a 4 inch rise and a 3 foot 4 inch run.  Notably, the design notes "VIF" next to the 4 inch rise measurement, which means "verify in field."

In his initial survey of the 650 Sixth Avenue space in 2009, Joe Avallone measured the left side Children's Place ramp and recorded a rise of 8 inches and a run of 2 feet 7 ½ inches (or 31.5 inches).  Exhibit B, 2009 The Men's Wearhouse Plans, TMW 562, A 310.01, Detail 7.  This shows that the Children's Place ramp was apparently not constructed according to the 2001 designs, perhaps because the 4 inch "VIF" measurement used in the designs was found to be inaccurate when actually verified in the field.  In any event, the ramp as found by TMW in 2009 does not match the 2001 designs.  *See also* Exhibit C, Picture of Children's Place ramp, TMW 588 (showing the Children's Place ramp as constructed).

## II.  LEGAL STANDARDS

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38 (1984); *Altman v. New Pub. Sch. Dist.*, No. 13-cv-3253, 2017 U.S. Dist. Lexis 2515, at *12–13 (S.D.N.Y. Jan. 6, 2017).

The Court looks to  Federal Rules of Evidence 401, 402, and 403 to determine whether the contested evidence is admissible at trial.   Under Rule 402, only relevant evidence is admissible. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence. . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403.  *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (citing *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004)); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54, 105 S. Ct. 465, 83 L. Ed. 2d 450 (1984) ("Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403.")).

Additionally, under Federal Rule of Evidence 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See Jackling v. HSBC Bank USA, N.A.*, No. 15-cv-6148, 2019 U.S. Dist. Lexis 146675, at *8–10 (W.D.N.Y. Aug. 28, 2019) (granting motion in limine to exclude documents where plaintiff failed to disclose any witnesses who could authenticate or lay the foundation for the documents in question).  Although some documents are self-authenticating under Federal Rule of Evidence 902, these documents require seals, 902(1), signatures and certifications, 902(2), or certifications, 901(4), (11).

**III.   ARGUMENT**

The 2001 Children's Place Designs should be excluded for two reasons.  First, the designs are irrelevant, as they do not reflect the actual construction of the ramp at issue.  Second, Plaintiff is unable to authenticate the designs and the designs are not self-authenticating.

### A.     The 2001 Children's Place Designs are Irrelevant

The fact that the ramp may have originally been designed to provide an accessible entrance is not relevant to this case, as the original design was apparently not implemented.  The Children's Place ramp consisted of a rise of 8 inches and a run of 31.5 inches, which produced a slope of approximately 1:4.  Ex. B.  As a result, the ramp did not comply with the 1:12 slope requirement, and did not provide an accessible entrance to customers in wheelchairs.  The fact that the Children's Place may have initially planned to provide an accessible ramp in 2001 has no bearing on this case whatsoever.

No party or witness in this case was involved in the design or construction of the Children's Place store, as Joe Avallone testified at his deposition that he was not involved in that project and had never seen the designs before.  As a result, neither party is in a position to address the accuracy of the plans or the changes that occurred prior to or during construction, or to speak to how the plans may have relevance to this case.

Further, the facts relevant to this case are set forth clearly, and are not in any way contradicted by the Children's Place designs.  Joe Avallone measured the ramp in his initial survey of the space, recorded those measurements, and reproduced them in the design for the TMW store at A 310.01, Detail 7.  Ex. B.  He is able to confirm that the ramp as he found it was not consistent with the 2001 design, and is able to testify as to the actual dimensions of the ramp.  The fact that the ramp may have originally been designed differently does not undermine or contradict this testimony in any way.

Additionally, under Rule 403, to any extent the designs are relevant, their probative value is quite low and their introduction will delay the trial, waste time, and confuse the issues.  Introduction of these designs will likely lead to significant speculative discussion as to how or why the Children's Place ramp was not constructed as originally designed.  Defendants' witnesses

5

could certainly speculate that the plans changed due to the inaccuracy of the original "VIF" measurement, that issues may have come up during the permitting process with the various agencies, or that issues related to the structure of the building prevented construction of the ramp as originally designed.  But this testimony would amount to nothing more than speculation, and would not advance the resolution of this case.  As it does not matter why the ramp was not constructed as designed, or even how the ramp was originally designed, any time spent on this issue is an unnecessary waste of the Court's time and resources.

### B.     Plaintiff is Unable to Authenticate the 2001 Children's Place Designs

No witness in this case has any knowledge of the 2001 designs and they do not bear the signature, seal, or certification of any government agency or organization.  Plaintiff is thus unable to authenticate the designs, and they are not self-authenticating.

Joe Avallone works at Tricarico Architecture and Design, but testified at his deposition that he had no knowledge of the Children's Place designs and had never seen them before.  No other witness in this case, including those on Plaintiff's witness list, have any knowledge of these documents.[3]  As a result, the document cannot be authenticated by a witness.  *See Jackling v. HSBC Bank USA, N.A.*, No. 15-cv-6148, 2019 U.S. Dist. Lexis 146675, at *8–10 (W.D.N.Y. Aug. 28, 2019) (granting motion in limine to exclude documents where plaintiff failed to disclose any witnesses who could authenticate or lay the foundation for the documents in question).

The plans bear the seal and signature of the architect, but the architect is not a government agency or any other entity contemplated in Rule 902(1) or (2).  The document appears to include

---

[3] Plaintiff's witness list includes: Joyce De La Rosa (Plaintiff), Frank Khurana (Director of Construction at Tailored Brands), Joe Avallone (Senior Project Manager at Tricarico Architecture and Design), Greg Perotto (permit expediter at Perotto Consulting and Management), Richard Qattam (Store Manager at 650 Sixth Ave. TMW location), and Jimmy Zuehl (Plaintiff's expert).  There is no reason any of these witnesses would have any knowledge of the 2001 Children's Place designs other than Joe Avallone, who has testified that he has no knowledge of the designs.

perforation, which may indicate it was submitted to a government agency, but the perforation is unclear, and in any event does not amount to a seal or signature.  The perforation also does not amount to certification under Rule 902(4) or (11), and Plaintiff has not identified a custodian who has or could have certified the document.

To any extent the designs can be authenticated by their content, they certainly cannot be authenticated as final plans or as having been implemented in the construction of the store.  As a result, their relevance to this case is limited by the lack of authentication or any evidence or witness testimony as to the circumstances surrounding the designs or their implementation.

## IV.  CONCLUSION

For the reasons set forth above, the Children's Place plans should be excluded.

Respectfully submitted,

/s/ Mark A. Knueve
Mark A. Knueve (Ohio Bar #0067074)
VORYS, SATER, SEYMOUR and PEASE, LLP
52 E. Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Telephone: 614-464-6387
maknueve@vorys.com

Oliver D. Frey (Ohio Bar #0098479)
VORYS, SATER, SEYMOUR and PEASE, LLP
52 E. Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Telephone: 614-464-6323
odfrey@vorys.com

*Attorneys for Defendant The Men's Wearhouse, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing motion was filed through the Court's electronic filing system. Service will be made by operation of that system upon counsel for Plaintiff identified below:

                                            s/ *Mark A. Knueve*
                                            Mark A. Knueve

**Adam Saul Hanski**
*Parker Hanski LLC*
40 Worth Street, 10th Floor
New York, NY 10013
(212) 248-7400
Fax: (212) 248-5600
**ash@parkerhanski.com**

**Glen Howard Parker**
*Parker Hanski LLC*
40 Worth Street 10th Floor
New York, NY 10013
(212) 248-7400
Fax: (212) 248-5600
**ghp@parkerhanski.com**

**Robert Gerald Hanski**
*Parker Hanski LLC*
40 Worth Street 10th Floor
New York, NY 10013
(212) 248-7400
Fax: (212) 248-5600
**rgh@parkerhanski.com**

*Attorneys for Plaintiff*