**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

JOYCE DE LA ROSA,

Plaintiff,

v.

650 SIXTH AVENUE TREVI LLC AND THE MEN'S WEARHOUSE, INC.,

Defendants.

Case No. 1:13-cv-07997

Judge Valerie Caproni

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PICTURES OF OTHER NEARBY STOREFRONTS**

Defendants move in limine to exclude introduction at trial of pictures of other storefronts located near The Men's Wearhouse store at issue in this case. Plaintiff has produced no evidence connecting the conditions at these other storefronts to those at The Men's Wearhouse. As a result, any relationship between the pictures and this case is purely speculative, and the pictures are therefore irrelevant. Further, the pictures cannot be authenticated by any individual on Plaintiff's witness list and are not self-authenticating.

## I. BACKGROUND

The Men's Wearhouse ("TMW") at 650 Sixth Avenue is part of the historic Cammeyer building, and is subject to the jurisdiction of the New York City Landmarks Preservation Commission, the New York City Department of Buildings, and the New York City Department of Transportation. The space at issue originally had two entrances, one which included a step, and one which included a severely sloped ramp which did not comply with the requirements of the Americans with Disabilities Act (the "ADA") and corresponding state and local laws. Prior to taking over the space at issue, TMW prepared designs that called for construction of an ADA-compliant ramp within the envelope of the store (i.e., not extending onto the sidewalk) at the

entrance where the step was located (on the right side if you are facing the store). The designs also called for elimination of the entrance on the left, which included the inaccessible ramp. During construction, TMW discovered that an interior ramp was not feasible due to the presence of a previously undiscovered structural steel beam blocking construction of the ramp. Because the steel beam could not reasonably be removed, TMW explored the possibility of an exterior ADA-compliant ramp, but was advised by the Landmarks Preservation Commission that such a ramp would not be approved because it would extend onto the sidewalk. Given that TMW could not build an interior or an exterior ramp along the storefront, and the existing ramp on the left side was not ADA-compliant,[1] TMW provided an accessible portable ramp at the right entrance, which provided accessibility to the maximum extent feasible under the circumstances.

Plaintiff produced at least three pictures depicting storefronts that are not the TMW storefront but are located near the TMW store. Exhibit A, 2011 FedEx Picture; Exhibit B, 2014 Blick Art Picture; Exhibit C, 2018 GNC Picture. These pictures purport to be (1) a picture of a FedEx storefront taken in 2011, Ex. A; (2) a picture of an empty storefront next to a Blick Art store taken in 2014, Ex. B; and (3) a picture of a GNC storefront taken in 2018, Ex. C.[2] All three pictures depict the same general location, which is now the storefront of the GNC store. Plaintiff has produced no other evidence, besides the pictures themselves, of how the storefronts were designed or constructed, or of the structural conditions that exist at this location.

---

[1] The 1991 ADA Standards for Accessible Design require a slope of 1:12 or less. § 4.8.2. A slope between 1:10 and 1:12 is allowed for a maximum rise of 6 inches if a slope of 1:12 is not possible, § 4.1.6(3)(a)(i), a slope between 1:8 and 1:10 is allowed for a maximum rise of 3 inches, and a slope steeper than 1:8 is never allowed, § 4.1.6(3)(a)(ii). The Children's Place ramp involved an 8 inch rise and a 31.5 inch run. Exhibit B, 2009 The Men's Wearhouse Plans, TMW 562, A 310.01, Detail 7. This is a slope of approximately 1:4. Given that the rise at issue is 8 inches, the slope must be no greater than 1:12, and the 1:4 ramp was thus approximately three times too steep.

[2] These pictures were Exhibits 4, 5, and 6 at the deposition of Frank Khurana.

Based on lines of questioning at recent depositions, Plaintiff apparently plans to argue these pictures show that it was possible to construct an interior ramp at the TMW store because the pictures allegedly show the construction of an interior ramp at the nearby GNC store.[3] But the pictures, standing alone, do no such thing, as there is no evidence regarding the conditions at the GNC store. Nor can there be, as no witness in this case has knowledge of the conditions at the GNC store. Thus: (1) it is not clear that an interior ramp was actually constructed at the GNC store, *see* Ex. C; (2) there is no evidence of the interior structural conditions, the rise above street level, the grade of the sidewalk, or the aesthetic and historic permitting factors at the GNC store, all of which are likely different than those at the TMW store; and (3) the alleged changes to the GNC store occurred years after the events in this case. Any argument of a relationship between the GNC store depicted in the pictures and the TMW store is thus speculative, and the pictures are therefore irrelevant.

## II. LEGAL STANDARDS

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984); *Altman v. New Pub. Sch. Dist.*, No. 13-cv-3253, 2017 U.S. Dist. Lexis 2515, at *12–13 (S.D.N.Y. Jan. 6, 2017).

The Court looks to Federal Rules of Evidence 401, 402, and 403 to determine whether the contested evidence is admissible at trial. Under Rule 402, only relevant evidence is

[3] It is also possible Plaintiff plans to argue the pictures show that the floor of the GNC store was lowered so that it became level with the sidewalk. Defendants' arguments apply in either case, and they are supported by the fact that it is not clear from the pictures what changes were allegedly made to the GNC store.

admissible. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence. . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (citing *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004)); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54, 105 S. Ct. 465, 83 L. Ed. 2d 450 (1984)) ("Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403.").

Additionally, under Federal Rule of Evidence 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See Jackling v. HSBC Bank USA, N.A.*, No. 15-cv-6148, 2019 U.S. Dist. Lexis 146675, at *8–10 (W.D.N.Y. Aug. 28, 2019) (granting motion in limine to exclude documents where plaintiff failed to disclose any witnesses who could authenticate or lay the foundation for the documents in question). Although some documents are self-authenticating under Federal Rule of Evidence 902, these documents generally require characteristics such as seals, signatures, or certifications.

## III. ARGUMENT

The pictures of nearby storefronts should be excluded for two reasons. First, the pictures are irrelevant, as there is no evidence to suggest the same conditions exist at the GNC store and the TMW store, so any relationship between the pictures and this case is speculative. Second, Plaintiff is unable to authenticate the pictures, and the pictures are not self-authenticating.

### A. The Pictures are Speculative and Therefore Irrelevant

The pictures in question depict a different store, and there is no evidence that the conditions at the GNC store are the same as those at the TMW store. As a result, any argument that there is a connection is speculative, and the pictures should be excluded as irrelevant. To any extent they are relevant, their probative value is quite low, and their introduction would lead to a significant amount of speculation regarding conditions at the GNC store, which would cause delay and confuse the issues in this case.

As no witness in this case has knowledge of the GNC store, Plaintiff is unable to show that the internal and external conditions at the GNC store are connected in any way to the conditions at the TMW store.[4] Plaintiff can merely speculate that the conditions are similar. Further, the pictures do not actually show what alleged alterations were made at the GNC store, or how the alleged alterations were implemented, *see* Ex. C, so the pictures do not even serve their apparent purpose. Again, Plaintiff can merely speculate as to what happened. As a result, the pictures have

[4] Plaintiff's witness list includes: Joyce De La Rosa (Plaintiff), Frank Khurana (Director of Construction at Tailored Brands), Joe Avallone (Senior Project Manager at Tricarico Architecture and Design), Greg Perotto (permit expediter at Perotto Consulting and Management), Richard Qattam (Store Manager at 650 Sixth Ave. TMW location), and Jimmy Zuehl (Plaintiff's expert). There is no reason any of these witnesses would have any knowledge of the conditions at the GNC store, and especially not in the years following the events at issue in this case.

no bearing on whether TMW was able to construct either an internal or external ramp at the TMW location in 2010, and any connection to this case is purely speculative.

To any extent the pictures are relevant, they have limited probative value and will cause significant speculative discussion as to how the GNC store was allegedly able to construct an internal ramp. Defendants' witnesses could certainly respond that there does not appear to be a ramp at the GNC location. They could also speculate that the conditions at the GNC location may be different than the conditions at the TMW location, as the pictures appear to show the sidewalk sloping upward toward the GNC store, and there may also be different structural conditions in that part of the building. Finally, Defendants' witnesses could speculate that the permitting regimes approached the GNC storefront differently or implemented a different approach in later years, and allowed construction there that was not permitted at the TMW location in 2010. But this discussion would not advance the case, and would cause significant delay and confusion of the issues, as it has no bearing on whether TMW could construct an internal or external ramp in 2010.

For these reasons, the pictures should be excluded as irrelevant.

**B. Plaintiff is Unable to Authenticate the Pictures**

Plaintiff is unable to authenticate the pictures, as no witness in this case has any knowledge of these pictures, and they are not self-authenticating under Rule 902. The pictures should therefore be excluded. *See Jackling v. HSBC Bank USA, N.A.*, No. 15-cv-6148, 2019 U.S. Dist. Lexis 146675, at *8–10 (W.D.N.Y. Aug. 28, 2019) (granting motion in limine to exclude documents where plaintiff failed to disclose any witnesses who could authenticate or lay the foundation for the documents in question).

The pictures appear to have been printed off of Google, and exhibit an address and a date. *See* Exs. A, B, and C. But it is not clear who provided or obtained these pictures, and it is not clear whether the date listed is the date the picture was taken or the date the picture was accessed online.

Even if opposing counsel were to submit an attorney declaration related to these pictures, that would be insufficient for purposes of authentication. *See Disney Enters. v. Sarelli*, 322 F. Supp. 3d 413, 443 (S.D.N.Y. 2018) ("The screenshots and videos, however, have not been properly authenticated and are submitted to this Court through an attorney declaration, which claims in boilerplate fashion that it is 'based upon [the attorney's] personal knowledge of matters detailed [t]herein.' Such evidence is not admissible and cannot be considered in deciding the instant motions for summary judgment.") (comparing *United States v. Gasperini*, 894 F.3d 482, 490 (2d Cir. 2018) (archived screenshots were admissible where the proponent "presented testimony from the office manager of the Internet Archive, who explained how the Archive captures and preserves evidence of the contents of the internet at a given time. . . .[,] compared the screenshots sought to be admitted with true and accurate copies of the same websites maintained in the Internet Archive, and testified that the screenshots were authentic and accurate copies of the Archive's records"); *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14-civ-5213, 2017 U.S. Dist. LEXIS 127362, at *7 n.7 (S.D.N.Y. Aug. 8, 2017) (archived screenshots were admissible on summary judgment motion where accompanied by affidavit from employee of the archive service); *see also Specht v. Google, Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (exclusion of archived screenshots on summary judgment motion was appropriate absent "authentication by someone with personal knowledge of reliability of the archive service from which the screenshots were retrieved").

Plaintiff has proffered no witness who could authenticate the pictures at issue under the standards cited above, and the pictures must therefore be excluded.

## IV. CONCLUSION

For the reasons set forth above, the pictures of nearby stores should be excluded.

Respectfully submitted,

/s/ Mark A. Knueve
Mark A. Knueve (Ohio Bar #0067074)
VORYS, SATER, SEYMOUR and PEASE, LLP
52 E. Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Telephone: 614-464-6387
maknueve@vorys.com

Oliver D. Frey (Ohio Bar #0098479)
VORYS, SATER, SEYMOUR and PEASE, LLP
52 E. Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Telephone: 614-464-6323
odfrey@vorys.com

*Attorneys for Defendant The Men's Wearhouse, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing motion was filed through the Court's electronic filing system. Service will be made by operation of that system upon counsel for Plaintiff identified below:

s/ *Mark A. Knueve*
Mark A. Knueve

**Adam Saul Hanski**
*Parker Hanski LLC*
40 Worth Street, 10th Floor
New York, NY 10013
(212) 248-7400
Fax: (212) 248-5600
**ash@parkerhanski.com**

**Glen Howard Parker**
*Parker Hanski LLC*
40 Worth Street 10th Floor
New York, NY 10013
(212) 248-7400
Fax: (212) 248-5600
**ghp@parkerhanski.com**

**Robert Gerald Hanski**
*Parker Hanski LLC*
40 Worth Street 10th Floor
New York, NY 10013
(212) 248-7400
Fax: (212) 248-5600
**rgh@parkerhanski.com**

*Attorneys for Plaintiff*